*James & John W. Bush, for appellants.*

------

MEVERILL McGILL ET AL *v.* J. M. NELSON ET AL.

Wills—Devise—Residuary Legatees—Executors and Administrators.

A will which provides "that one-twelfth of my property or proceeds arising therefrom to be taken possession of by the administrator, and held in trust for the use of my daughter during her life, and pay her yearly what may be deemed reasonable for the use thereof, and at her death, the principal to be paid to her children" is held to provide for the legatee alone, during her life, from the product of the trust funds, and she would have no right to consume the principal, and a loan to her by the administrator of a portion of said principal, was a misappropriation, for which he could be held lible.

Pleadings—Allowance for Disposition of Trust Funds Without Allegation in Petition.

An allowance by a commissioner of a credit for administration of the principal of a trust fund, against the account due the residuary legatee thereof, without necessary allegations in a cross petition by an adverse party, that said fund should be charged against said devisee, is radically erroneous.

Judgment—Erroneous as to Representatives of a Defendant Intestate ´ When Not Before The Court.

A judgment rendered in a suit, in which an intestate was a party thereto, is erroneous, when the representatives of the deceasd are not brought before the court.

Pleadings—Answer—Appearance.

An answer signed by one of the devisees of a trust fund, reciting that all three devisees were respondents, is not an appearance for all.

Administrators—Settlement—Life Estate—Surrender to Residuary Legatees.

Where a surrender of a life estate to her children, is made by a legatee, a settlement should be adjudged up to said surrender, in a suit against the bondsmen of the administrator for an accounting.

APPEAL FROM NELSON CIRCUIT COURT.

May 28, 1869.

Opinion of the Court by Judge Williams:

William Muir having departed this life, his will was admitted to record November 12 ,1838, that part of which involves this litigation is as follows:

"And, whereas, William McGill of Bracken county, on or about the month of January, 1829, died insolvent, and it is feared my daughter Mary S., his widow, is answerable for her husband's debts so that what I could leave her would be attached by her husband's creditors and she and her children left to suffer, to prevent which it is my will and desire that my executors take possesison of one-twelfth part of said property, or proceeds arising therefrom as here directed, in trust for her use during her life, and pay her yearly what may be deemed reasonable for the use thereof in such commodities as said Mary may stand in need of, and at the expiration of said Mary's life the principal to the children."

Jonothan Wood Wilson was the only executor who qualified.

Wilson's sureties in his executor's bond having moved for counter security, P. B. Muir, in pursuance of an order of the court, became his surety in a new bond, June 11, 1860, and to secure Muir against loss by reason of said suretyship, J. Wood Wilson executed to him a mortgage on his property, dated January 17, 1862, expressly setting out his liabilities to Mrs. Hite and Mrs. McGill.

January 13, 1858, J. Wood Wilson made a settlement with the county judge of his acocunts as trustee for Mrs. Mary S. McGill, and showed a balance as trustee under said bequest of her father then in his hands of $345.53. He had originally in his hands as trustee under said bequest of her father $964.48-100, but had loaned to her of it $541.87½.

He was also guardian for James Cotton, and James M. Doon was surety in his guardian's bond.

J. Wood Wilson having died, W. W. Metcalf was appointed guardian in his stead, who brought suit thereon against said Doon, Muir and Nelson's heirs, and attacked said mortgage, by Nelson to Muir, as having been made in contemplation of insolvency and as coming within the statute of 1856. And in an amended petition, filed August, 1862, he made Mrs. Mary McGill and her two children by name, now appellants, defendants, who were served with process August 25, 1862.

The parties interested by petition, amended petitions, answers and cross-petitions, all interpleaded.

The record shows that Mary S. McGill *filed answer and reply to the cross petition of J. M. Wilson."*

There is found among the papers, but not marked filed, an answer with the name of Mary S. McGill attached to it, which begins as follows:

> "The defendants, Mary S. McGill, Meverill McGill and Elizabeth Foxworthy, late McGill, with her husband, Peyton Foxworthy, *for answer herein say."*

They then proceed to aver the possession of two slaves by J. Wood Wilson, which he had delivered over to Mrs. McGill, also $964.48 in funds of the trust estate of February 13, 1847, and the loan by him to her of $541.87, and also his settlement with the county judge showing a balance in his hands of $345.53, and surcharged one item of $48.22 as erroneous therein, and pray that it be corrected.

They also concede that J. Wood Wilson had purchased the interest of Alexander and William M. McGill in the trust estate.

The transfer of Alexander and William McGill are made exhibits and are not disputed; these show that after said settlement they sold to said trustee for a valuable consideration.

Mrs. McGill by a writing filed with the answer relinquished her

life-time interest in this fund, but it seems not to have her name attached to it.

Her death is subsequently suggested of record, and the case without further pleading by her surviving children, now appellants, proceeded to trial.

The case was referred to G. W. Hite, as master, to report the liabilities of J. Wood Wilson to the respective parties. In his first report, which is marked filed, he seems to have pretermitted the McGills. It was subsequently referred again to him to report and a paper, not marked filed, is found among the papers purporting to be his report, in which the accounts with the McGills are stated, by which a balance is ascertained to be due from his estate of $245.68, a credit for the interest bought of the boys being allowed.

A decree was rendered in this case March 31, 1865, by which the mortgage to Muir was upheld, and among other things two hundred and twenty-six 23-100 dollars was adjudged to Meverill McGill and Mrs. Foxworthy and her husband.

May 20, 1865, said appellants brought this suit with a view of reviewing and correcting the errors of said judgment apparent from the papers and record therein, and for the many irregularities perpetrated in the proceedings.

To this J. Wood Wilson's heirs answered, controverting the cause of action and insisting upon the various settlements and pleading said judgment in bar.

The court dismissed this petition upon final hearing, as they ask a reversal.

The only serious question is as to appellants right to have said cause reviewed.

Mrs. McGill was entitled alone to the products of the trust fund. She had no right to consume the principal and the loan to her by the trustee of the larger portion of it was a misappropriation of it.

These appellants did not approve it by any pleadings in the case, for the answer signed by her seems to have been filed alone as hers and although it sets out the appellants as respondents, it was not signed by them nor does the record show that it was filed as any one else's answer but hers.

There was no pleading by any of the plaintiffs or by Muir charging that the fund loaned by J. Wood Wilson to Mrs. McGill should be charged to her children, and it may perhaps be inferred

that the two boys' interests purchased in this note from him in the transfers of their remainder interest after the expiration of their mother's life estate; if so, to again allow it by way of reducing appellants claim would be to pay him twice for the same thing, but the radical error consisted in allowing it at all against appellants, without allegation by any adverse party and without any express consent on their part.

And although Mrs. McGill surrendered her life interest in the trust fund to her children, yet a settlement up to such surrender should have been made between the trustee and herself which was neither waived nor their accounts stated, and for this purpose her representative after her death should have been brought before the court, which was not done.

For the substantial errors to appellants prejudice and the numerous irregularities in the proceedings, said judgment should have been reversed and the errors corrected.

Wherefore, the judgment dismissing said petition is reversed, with directions for further proceedings as herein indicated, with leave to either party to amend and bring before the court any essential party to a full and fair adjudication of the matters in controversy.

Judge Hardin not sitting.

*Johnson, for appellants.*

*J. G. Wilson, for appellees.*